**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1455**

PETR BOCEK, MD, PHD,

       Plaintiff - Appellant,

   v.

JGA ASSOCIATES, LLC; JOSEPH P. AMATO,

       Defendants - Appellees,

    and

ALLERGY CARE CENTERS, VIRGINIA, INC.; A2 MEDICAL GROUP, INC.,

       Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:11-cv-00546-JCC-JFA)

Submitted:  July 31, 2017                    Decided:  August 28, 2017

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis Chong, S. Micah Salb, LIPPMAN, SEMSKER & SALB, PLLC, Bethesda, Maryland, for Appellant.  Joseph P. Amato, Appellee Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petr Bocek appeals the district court's order granting him $156,000 in compensatory damages and postjudgment interest. This court previously vacated the district court's decision and remanded for further proceedings on two occasions. *See Bocek v. JGA Assocs., LLC*, 537 F. App'x 169 (4th Cir. 2013) (*Bocek I*) (affirming in part and reversing and remanding for trial on the breach of fiduciary duties claim); *Bocek v. JGA Assocs.,* LLC, 616 F. App'x 567, 578 (4th Cir. 2015) (*Bocek II*) (reversing and remanding for entry of judgment for Bocek on issue of liability and for "a new trial on the issue of what, if any, remedies Bocek is entitled to in light of defendants' breach of their fiduciary obligations to him").

On remand following *Bocek II*, the district court held a bench trial and awarded Bocek $156,000 in compensatory damages plus postjudgment interest and costs, for the reasons discussed in its posttrial memorandum opinion. Bocek appeals, alleging that the district court erred by declining to impose a constructive trust for the sale of Allergy Care Centers ("ACC") to Defendants. Bocek also alleges that the district court erred by rejecting his expert's opinion regarding the value of ACC at the time of the acquisition, the amount of Bocek's lost income, and the valuation of Bocek's monetary damages. Finally, Bocek contends that the district court should have granted his request for emotional distress and punitive damages.

We review the district court's factual findings following a bench trial for clear error and its legal conclusions de novo, *see Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 427 (4th Cir. 2010), and will find a factual finding is

3

clearly erroneous "when although there is evidence to support it," we are "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). When a district court's factual findings in a bench trial are based upon assessments of witness credibility, such findings are entitled to great deference. *Padilla v. Troxell*, 850 F.3d 168, 175 (4th Cir. 2017). We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court in its thorough memorandum opinion.[*] *Bocek v. JGA Assocs., LLC*, 1:11-cv-00546-JCC-JFA (E.D. Va. Mar. 23, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We note that Appellees seek on appeal to reverse the award of $150,000, of the $156,000 total awarded in compensatory damages by the district court. Because Appellees failed to file a cross-appeal on this matter, however, we cannot grant the requested relief. *See Jennings v. Stephens*, 135 S. Ct. 793, 798 (2015) (noting that absent a cross-appeal an appellee may not attack a "decree with a view either to enlarging his own rights . . . or of lessening the rights of his adversary") (internal quotation marks and citation omitted)).